UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE DOCKERY,

            Plaintiff,

                                 Case No.  05-72542

vs.

                                 HON.  GEORGE CARAM STEEH

COYOTE CLEANING, INC., et al.,

            Defendants.
_____/

ORDER GRANTING KIMCO'S MOTION FOR SUMMARY JUDGMENT
AND MOTION TO EXCLUDE AND DENYING KIMCO'S MOTION FOR
SANCTIONS AND LOCAL 79'S MOTION FOR SUMMARY JUDGMENT

      In 1992, plaintiff Christine Dockery was employed by various companies to provide cleaning services at Detroit Metropolitan Airport ("Airport").  Defendant Coyote received the contract for cleaning services at the Airport in May 2002 and agreed to hire the employees of the predecessor company.  Coyote signed an Assumption Agreement with Local 79, agreeing to follow the CBA between Local 79 and its predecessor.  At the time Coyote took over, plaintiff was on a workers' disability compensation leave.  In June 2002 plaintiff returned to work with restrictions.  On July 15, 2002 plaintiff was discharged by Coyote.  Plaintiff filed a grievance with Local 79 alleging wrongful discharge because she had been ordered by Coyote to lift heavy boxes beyond her restrictions.  Plaintiff's grievance against Coyote proceeded to arbitration.  On August 9, 2004 the arbitrator ruled that "Plaintiff must be returned to work with back pay and benefits, less whatever

income she has received in other employment."  However, prior to the arbitration, Coyote lost the Airport contract and was replaced by Kimco.

On October 31, 2005 the court entered an order for default judgment against Coyote in the amount of $225,000.00.  Plaintiff's complaint against the remaining defendants is a hybrid § 301/unfair representation action.  At a conference with the court, it was discussed that plaintiff Dockery would dismiss her action against the remaining defendants without prejudice.  Then Local 79 would file suit against Kimco on plaintiff's behalf to enforce the arbitration award. This occurred on November 30, 2005.  If Local 79 did file suit, plaintiff's dismissal was to be converted to a dismissal with prejudice.  An amended order of dismissal with prejudice was entered December 7, 2005.

Pending before the court are Kimco's and Local 79's motions for summary judgment, Kimco's motion for sanctions and Kimco's motion to exclude evidence.

FACTUAL BACKGROUND

Kimco entered into an "Assumption Agreement" with Local 79 in December 2003 which governed the relationship between Kimco and the union members at the Airport.  Under the Assumption Agreement, Kimco agreed to hire only those employees who were currently working for Coyote at the Airport at the time Kimco took over janitorial services in February 2004.  Dockery was not listed as an active employee of Coyote in February 2004, but was actually listed as a "terminated employee" in an appendix referenced in the Assumption Agreement.

The arbitration against Coyote was held June 17, 2004, well after the Kimco Assumption Agreement was entered.  Kimco was not made a party to the

2

arbitration proceeding.  Since Coyote lost the contract at the Airport, it did not

participate in the arbitration, and an award was entered in favor of Dockery.  The

Arbitrator held:

> It is axiomatic that on a discharge case, the employer has the
> burden of persuading the arbitrator that its discharge action was for
> just cause.  Since the company did not participate in this hearing,
> there was no evidence submitted to sustain a just cause finding.

The Award stated Dockery "was not hired by the new company [Kimco] because

she was not on the seniority list when this new company took over [from Coyote]."

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render

summary judgment "forthwith if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530,

532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary

judgment as an integral part of the fair and efficient administration of justice.  The

procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477

U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146,

149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is

"'whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of

law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390

3

(6th Cir. 2003) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Redding</u>, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original); <u>see also</u> <u>National Satellite Sports, Inc. v. Eliadis, Inc.</u>, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 270 (1968); <u>see also</u> <u>McLean v. 988011 Ontario, Ltd.</u>, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  <u>Anderson</u>, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  <u>McLean</u>, 224 F.3d at 800 (citing <u>Anderson</u>, 477 U.S. at 252).

<u>ANALYSIS</u>

A.  <u>Judicial Admissions</u>

Kimco argues that it is entitled to summary judgment due to Local 79's judicial admissions stating that Kimco had no legal obligation to honor the

4

arbitration award or to hire Dockery.  In its Response to Plaintiff's Motion to Disqualify Counsel, Local 79 stated, "it is denied that Kimco had any legal obligation to honor the arbitration award rendered against Coyote Cleaning."  This is a legal conclusion.  In its Brief in Support of that same motion, Local 79 stated, "It is SEIU Local 79's position that KIMCO is most likely not responsible on the award since, under black letter labor law, as a successor employer KIMCO is not bound by any award against a prior employer unless it specifically agrees to be so bound."  This is a legal theory.  In its answer to Dockery's interrogatory number 1 which asked Local 79 to explain why it did not join Kimco as a party to the arbitration, Local 79 answered that Kimco was not a party to the CBA, and that pursuant to the Assumption Agreement Kimco had no obligation for any employee's back pay or monetary claims arising against Coyote.  This is another legal theory.  Finally, Local 79 opined, "Kimco as a new Employer did not have the responsibility or obligation to hire any employee who was employed at the time Kimco succeeded Coyote Cleaning, pursuant to paragraph 2 of the Assumption Agreement with Kimco."  (Answer to Interrogatory No. 1).  Again, this is a legal conclusion.

In order to qualify as a judicial admission, an attorney's statement must be deliberate, clear and unambiguous.  MacDonald v. General Motors Corp., 110 F.3d 337, 340 (6th Cir. 1997).  Local 79's pleading statements are qualified statements of its initial theory of the case before discovery was undertaken, and are not deliberate, clear and unambiguous judicial admissions.  In addition, each of the statements sought to be used against Local 79 were made before it filed its

5

Cross-Complaint.  Local 79's statements are not deliberate, clear and unambiguous enough to be considered judicial admissions.  Local 79 made most of the statements in defense of Dockery's claim that Local 79 should have its counsel disqualified and that Local 79 breached its duty of fair representation, before any discovery had taken place.  Each of the statements are legal theories, not facts that have been developed, but merely conclusions.  Local 79 will not be bound by these opinions that do not rise to the level of judicial admissions.

B.  <u>Attachment A is Excluded</u>

Local 79 argues that Kimco is obligated to offer Dockery employment pursuant to its Assumption Agreement because she is listed on Attachment "A".  Attachment A purports to be a list of Local 79 members who were eligible for offers of employment by Coyote when that company assumed the cleaning contract for the Airport in 2002.  Christine Dockery's name does appear on Attachment A.

Kimco brought a motion to exclude Attachment A because it was created by Local 79, yet not produced during discovery in this case.  The court grants the motion to exclude, not because of any bad faith or discovery abuse by Local 79, but because the document is not relevant to the issues in this case.  Ms. Dockery's name might have appeared on Attachment A, but at the time Kimco took over the Airport contract, Dockery was no longer eligible for hire because she had been terminated.  Attachment A cannot be interpreted to require the rehiring of a terminated employee.

C.  Kimco is Not Responsible for Coyote's Liabilities

Local 79 admits that it did not join Kimco to the arbitration, but argues that a successor employer is bound by an arbitration award rendered against its predecessor and based on its predecessor's union contract where the successor continued the predecessor's operations, assumed the predecessor's union contract and had notice of the arbitration award before it assumed the predecessor's contract.  However, the cases relied upon by Local 79 are distinguishable.  The issue before the court in Int'l Union v. Saga Foods, Inc., 407 F.Supp. 1247 (N.D. Ill 1976), and the cases cited therein, was whether the successor company had notice of the existence of an arbitration award entered prior to the time it assumed an existing collective bargaining agreement.  In the present case it is uncontested that the arbitration award was handed down after Kimco assumed the collective bargaining agreement and therefore Kimco could not have had any knowledge of the award at the time it entered into the Assumption Agreement.

Local 79 argues that Kimco was aware that Dockery had a claim for reinstatement before it assumed Coyote's operations at the Airport.  However, all Kimco knew was what Local 79's representative, Mary Roberts, told it regarding Dockery, which was that she was on sick leave and wanted to return to work. This information would only be relevant if Dockery was eligible to return to work. It is undisputed that Dockery had been terminated by Coyote - not placed on sick leave.

The union was in the best position to add Kimco to the arbitration.  Kimco could not be expected to participate in the arbitration if it did not know the specifics of Dockery's claim.  The arbitrator only awarded relief against Coyote, and Kimco is not liable for Coyote's debts and liabilities pursuant to the Assumption Agreement.  (See paragraph 10 of Coyote Assumption Agreement).

D.  Sanctions

Kimco filed a motion for Rule 11 sanctions on the basis of either judicial admissions or res judicata.  There has been no indication of bad faith on the part of Local 79, and therefore Kimco's motion for sanctions is DENIED.

CONCLUSION

For the reasons stated above, Kimco's motion for summary judgment is GRANTED and Local 79's motion for summary judgment is DENIED.  In addition, Kimco's motion to exclude Attachment A as an exhibit is GRANTED, however, Kimco's motion for sanctions is DENIED.

Dated:  September 25, 2006

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 25, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

8